J. A. HICKMAN ET AL. *v*. HENRY RUFF ET AL.

EXEMPT PROPERTY. *On death of husband. Rights of widow. Sections 1290 and 1956 of code construed.*

A widow is entitled to the exempt personal property of her deceased husband, under section 1290 of the Code of 1871. Section 1956 of the Code, which provides that "the property exempted by law from sale under execution or attachment shall, on the death of the husband, descend to his widow and children as tenants in common," was designed to embrace both real and personal property; but the word "property," although comprehensive enough to embrace both classes of property, must be restricted in the latter section to real property, so as to give effect to section 1290.

APPEAL from the Chancery Court of Noxubee County.

Hon. L. BRAME, Chancellor.

Joab Liddell died leaving a widow, who was his second wife, and one child by his first wife. At the time of his death he was the owner of a horse, some household furniture, and some debts due himself. The widow retained the property during her life-time, and after her death her administrators took possession of it. The appellants, the grandchildren of Joab Liddell, deceased, filed their bill to compel the administrators to give an account of all such property received by them, and

to turn over the same to the complainants therein. The chancellor denied the relief sought.

*Rives & Rives*, for the appellants.

Joab Liddell having died intestate, the complainants were entitled to one-half of his estate, under our statute of distributions. Code 1871, sec. 1788. Mrs. Liddell was at first entitled to one-half of the estate, but she took all, and so intermingled it with her own that it has become impossible to ascertain what is one-half of the property left by Joab Liddell, or even how much he left, and of what it consisted. This difficulty having been occasioned by Mrs. Liddell confusing the property in question with her own, the complainants are entitled to it all. Drake on Attach. 199 ; *Dunning* v. *Stearns*, 9 Barb. 634.

*Foote & Foote* and *Christian*, for the appellees.

The complainants failed to prove that Joab Liddell had any property at the time of his death. But even if he did own a horse, it was exempt to him, and, under our statute, the widow is entitled to all of the exempt property of the deceased husband. Code 1871, sec. 1290.

CAMPBELL, J., delivered the opinion of the court.

The widow of Joab Liddell was entitled to the horse and other exempt personalty by virtue of section 1290 of the Code, which governs as to personal property which is exempt from sale under execution or distress. It is true that section 1956 of the Code provides that "the property exempted by law from sale under execution or attachment shall, on the death of the husband, descend to his widow and children as tenants in common," and that the word "property" is comprehensive enough to embrace both real and personal property, and was plainly designed to embrace both in this section. But we have another instance of legislative blundering in adopting section 1956 as prepared by the codifiers, and also adopting section 1290 from the Code of 1857, which gives the personal property which is exempt to the widow alone. The only

proper construction of the two sections is to restrict the word "property" in section 1956· to real property, so as to give full 'effect to section 1290.  The debts due to Joab Liddell in his life-time did not belong to his widow, nor to the owners of the fee in the land on which Joab Liddell lived.

Decree reversed, and cause remanded for an account to be taken on the basis of the right of the heirs of Joab Liddell to have a decree for their share of what was due him at his death, allowing to his widow or her representatives a child's part of his personal estate.

