AMANDA J. WARREN *v.* OCTAVIA DAVIS ET AL.

[43 South., 604.]

HOMESTEAD.  *Inheritance.   Right of widow.   Equitable title.    Code 1871, § 1956.*

Under Code 1871, § 1956, providing that property exempted by law from sale under execution shall on the death of the owner descend to his widow and children as tenants in common, the widow and children of the equitable owner of lands constituting his homestead at his death jointly and equally inherited the same in fee simple.

FROM the chancery court of Sunflower county.

HON. PERCY BELL, chancellor.

·Mrs. Davis,· and others, the appellees, were complainants in the court below; Mrs. Warren, the appellant, was defendant there. From a decree in favor of the complainants, the defendant appealed to the supreme court.

In 1868 the land in controversy was sold in satisfaction of a mortgage, and the late Colonel W. L. Nugent became the purchaser as "the agent and attorney in fact for one John R. King." In 1870, Nugent, as agent, conveyed the land to Annie King, the wife of John R. King; the deed reciting a consideration of $10. King had several children by former marriages, but none by his wife Annie; he died intestate June 4, 1876,

leaving surviving him his children by former marriages and their decendants, through whom complainants claim title. He also left surviving his wife, Annie King, who afterwards married one Anderson; and it is through her that appellant (defendant below) claims title as devisee in a will which devised all her "real and personal estate." In 1878 one of the children of King filed a petition in the chancery court to set aside to said Annie King her dower in the land, which was done; the widow being given the land in controversy, and she continued to reside on it until her death in 1904. The balance of the land was turned over to the children of King, who sold and disposed of it.

The contention of complainants is that, though the legal title to the land was in Nugent as agent and attorney for King, an implied trust had been created, and the equitable title remained in King, who treated the land as his own until the time of his death; that the deed to Annie King by Nugent as agent did not vest in her the equitable title, since it was for a nominal consideration, and she therefore became a purchaser without consideration with notice of the equity; and, further, since there was no written request made by King of Nugent to transfer the equitable title, even if Nugent executed the conveyance at the request of King, it was within the statute of frauds and void; that Annie King occupied the same position as Nugent, and that the trust could be enforced against her to the same extent as against him, which fact had been recognized by her, and she had acquiesced in the proceedings by which a dower interest was set apart to her; that the interest was not such as could be devised, but on her death reverted to the children of King; that, having acquiesced in the dower proceedings, she was estopped from setting up a claim to a fee-simple title to any part of the land. Defendant (appellant here) contended that Annie King acquired fee-simple title by the conveyance from Nugent to her, and that she was not divested of this title by the dower proceedings, because the court

in which they were had was without jurisdiction to pass on land titles adverse to the title of the deceased, and that in any event she was entitled under Code 1871, § 1956, to a child's part in the homestead in fee simple, and that, since the property in controversy was occupied by King as a homestead at the time of his death, she acquired a child's part of it in fee simple, and that this interest was capable of devise. The chancellor in his opinion sustained the contentions of the complainants throughout.

*Johnson & Neill,* for appellant.

John R. King died in July, 1876; the rights of the widow and heirs in his estate are governed by the Code of 1871. The decree in this case allows the widow only a life estate, a dower. Under Code 1871, § 1956, she was entitled to a child's part of the homestead in fee simple.

This section was construed in *Hickman* v. *Ruff,* 55 Miss., 549. As between the widow and heirs of King the value of the eighty acres of land is not in question. *Moody* v. *Moody,* 86 Miss., 323, s.c., 38 South., 322.

Under Code 1871, § 1281, the dower of the widow comprehended the dwelling house occupied by the husband at the time of his death.

After the death of John R. King, a proceeding was commenced by one of his daughters to set off dower to his widow, Annie King. The widow made no resistance to this proceeding, and the land in controversy was allotted to her as dower. It is contended for the appellees in this case that this proceeding is an adjudication against Annie King, that the title was in her husband, and not in herself; and if not an adjudication against her, that she is estopped by these proceedings.

The only question settled by an apportionment of dower was the seizure, marriage and death. The title was not involved. *Jiggetts* v. *Bennett,* 31 Miss., 612; *Jiggetts* v. *Jiggetts,* 40 Miss., 726; *Gould* v. *Luckett,* 47 Miss., 118.

*Baker & Moody* on same side.

If this suit had been instituted against Nugent, he would not be heard to say that he did not purchase the land as the agent and attorney for John R. King.

If an expressed trust was created by the deed to Nugent, the deed executed by him to Annie King was without authority and void. 28 Am. & Eng. Ency. L. (2d ed.), 992, *Maxwell* v. *Barringer,* 28 Am. St. Rep., 668, and *Goad* v. *Montgomery,* 63 Am. St. Rep., 145.

It is manifest that a trust was created. When Nugent became the purchaser of the land as the agent and attorney of John R. King, and a deed was executed to him in that capacity, an implied trust, to say the least of it, was created. Counsel seem to be under the impression that in order for there to be an implied trust it was necessary that the money, with which the property was purchased, should have been furnished by King, and that we have failed to show that this was done. When one employs an attorney to purchase land for him, a trust relation at that instant exists, and it is immaterial whether the purchase money was paid by the attorney or the client. The attorney surely could not have purchased the property and set up the title, so acquired, as against his client. The most which he could do would be to recover the amount advanced by him to purchase the land, and the burden would be on him to show that he did this. *Campbell* v. *Lewis,* 56 Miss., 76; *Johnson* v. *Outlaw,* 56 Miss., 541.

*J. T. Manion,* for appellees.

The probate court had jurisdiction of the subject matter, and brought in by proper process all the heirs and the widow, Mrs. Annie King. The jurisdictional facts necessary to the exercise of the power to assign dower do not have to affirmatively appear, of record, but the jurisdiction having been granted by the constitution the decree itself is sufficient to show that everything that was necessary to justify a decree was be-

fore the court. In the case at bar, the presumption is, that there was sufficient evidence before the court to show that John R. King died, seized and possessed of the lands in question, or that the same was admitted in the pleadings. Mrs. Annie King's right to lands in question was forever closed when she was brought into court, required to answer the petition of Octavia Davis, alleging that John R. King died, seized and possessed of the lands in question and that they descended to his heirs, and asking that dower be assigned to her of the lands of John R. King, and she failed to respond, thereby assenting to the allegations of the petition.

In a proceeding for dower where the land is treated by the parties and recognized by the court as belonging to the estate of the deceased husband and the title as being in his heirs the judgment rendered is conclusive between the parties and those claiming under them, and hence he will in such case be estopped from setting up title to the land embraced in the proceeding. *Sigmon* v. *Hawn,* 86 N. Car., 310; *Stancell,* 76 N. Car., 369.

WHITFIELD, C. J., delivered the opinion of the court.

The learned chancellor was correct in all respect save one. The equitable title to the property was, as he correctly held, in John R. King at his death in 1876, and under Rev. Code 1871, § 1956, as construed in *Hickman* v. *Ruff,* 55 Miss., 549, the widow was entitled to a child's part in fee simple in the exempt homestead. She was not entitled to anything else.

*For error indicated, the decree is reversed, and the cause remanded, for decree in accordance with this opinion.*